IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRENT E. RUSS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CV 23–81–M–DLC<br><br><br>ORDER |

  United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendations in this case on January 4, 2024, recommending that the Court dismiss Plaintiff Brent Russ's Complaint (Doc. 1) without prejudice for failure to comply with the service requirements of Fed. R. Civ. P. 4(m).  (Doc. 10 at 1.) Finding no clear error in Judge DeSoto's Findings and Recommendations, the Court adopts them in full.

  Because neither party objected, they are not entitled to *de novo* review.  28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Therefore, the Court reviews the Findings and Recommendation for clear error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309,

-1-

1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff filed a complaint alleging that Defendants are engaged in a scheme to target Plaintiff because of Plaintiff's adherence to the religion of Northbound Freemasonry. (Doc. 1 at 15–18.) Plaintiff asks the Court for injunctive relief including the creation of "an independent military tribunal named 'Nuremberg Trials Part Two' . . . to criminally prosecute all Defendants." (*Id.* at 18–19.) Plaintiff also requests that the Court order "the dissolution of all governments at the Federal, State, and local level in the United States who will not immediately, and for all time, uphold and defend The Law, and defend the legal right of the Plaintiff . . . to peacefully and freely practice the religion of Northbound Freemasonry." (*Id.*)

Plaintiff did not serve Defendant United States of America within 90 days after filing the Complaint. On November 21, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for failing to comply with the service requirements of Rule 4(m). (Doc. 8.) Plaintiff filed a response on November 28, 2023, but failed to address whether he had attempted to serve Defendant with a copy of the Summons and Complaint. (Doc. 9.)

Judge DeSoto recommends that the Court dismiss Plaintiff's Complaint

because "Plaintiff does not explain why [he] has not served Defendant with a copy of the Summons and Complaint pursuant to Rule 4(m) as required for this case to proceed," and "Plaintiff has not demonstrated good cause for failing to serve Defendant within the timeframe provided in Rule 4(m)."  (Doc. 10 at 2.)  The Court finds no clear error in Judge DeSoto's Findings and Recommendation and adopts them in full.

Accordingly, IT IS ORDERED:

1. Judge DeSoto's Findings and Recommendations (Doc. 10) are ADOPTED IN FULL;

2. Plaintiff's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE for failure to comply with the service requirements of Rule 4(m);

3. The Clerk of Court shall enter judgment of dismissal by separate document; and

4. The Court certifies, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

DATED this 22nd day of January, 2024.

_____
Dana L. Christensen, District Judge
United States District Court